UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vivian Veronica Ausborn,

       Plaintiff,

v.                                    Case No. 11-cv-14371

Michael J. Astrue, Commission of Social        Sean F. Cox
Security ,                             United States District Court Judge

       Defendant.
_____/

## OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On October 4, 2011, Plaintiff Vivian Ausborn ("Ausborn") filed her Complaint, under 42

U.S.C. 405(g), appealing the final decision of Defendant Commissioner of Social Security ("the

Commissioner"), which denied her application for Disability Insurance Benefits and Supplemental

Security Insurance under the Social Security Act. (Docket Entry No. 1, at 1, at 2.)

The Appeals Counsel, Office of Disability Adjudication & Review, United States

Department of Social Security Administration previously denied Ausborn's petition for review of

the Administrative Law Judge decision, holding that Ausborn is not entitled to a period of disability

or to disability benefits under Title II of the Social Security Act and that the new medical evidence

that she offered, consisting of her medical records from Women's Huron Valley Correctional

Facility, dated from January 1, 2011, to April 30, 2011, "does not provide a basis for changing the

Administrative Law Judge's decision." (Docket Entry No. 5-2.)

Count 1, in the Complaint, states as follows:

7. The findings of fact of the Commissioner that plaintiff is not disabled and was not disabled within the period of her insured status are not supported by substantial evidence.

8. The findings of fact by the Commissioner are contrary to law.

9. The evidence before the Appeals Council was not fully and fairly considered and the decisions of both the Administrative Law Judge and the Appeals Council are contrary to the weight of all the evidence in the record.

10. Plaintiff is and has been totally and permanently disabled since September 2006 as a result of severe medically determinable impairments – mental impairment, musculoskeletal impairments of the back, knees and left shoulder; diabetes; and, lung function.

(*Id.* at 3.)

On October 4, 2011, this matter was referred to Magistrate Judge R. Steven Whalen. (Docket Entry No. 2.)

On January 6, 2012, the Commissioner of Social Security filed his Answer. (Docket Entry No. 4.)

On June 29, 2012, Ausborn filed her Motion for Summary Judgment. (Docket Entry No. 14.)

On September 27, 2012, the Commissioner filed his Motion for Summary Judgment. (Docket Entry No. 19.)

On January 4, 2013, Magistrate Judge R. Steven Whalen filed his Report and Recommendation ("the R&R"), recommendation that the Court GRANT the Commissioner's Motion for Summary Judgment and DENY Ausborn's Motion for Summary Judgment. (Docket Entry No. 20, at 1, 18.)

On January 18, 2013, Ausborn filed her Objections to the R&R. (Docket Entry No. 21.)

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2),

2

U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided on the briefs.

For the reasons that follow, the Court **ADOPTS** the R&R [Docket Entry No. 20]. Accordingly, the Court **GRANTS** the Commissioner's Motion for Summary Judgment [Docket Entry No. 19] and **DENIES** Ausborn's Motion for Summary Judgment [Docket Entry No. 14].

## ANALYSIS

**A.      Even though the Court Should Not Consider Objection 1 Because it Improperly Makes a General Objection to the R&R as a Whole and Fails to Provide Any Argument or Authority, the Court Still Holds that the R&R Was Not Made in Error.**

In Objection I, Ausborn contends that she is "preserv[ing] and incorporat[ing] each and every argument for reversal, along with legal citations and references to supporting evidence, made below." (Docket Entry No. 21.)  She then states as follows:

> For the same allegations of error made below assigned to the ALJ, but rejected by the Magistrate Judge, plaintiff argues that the Magistrate Judge erred in:
>
> > 1) Recommending a finding that the ALJ's determination that plaintiff had the residual functional capacity for light work was supported by substantial evidence;
> >
> > 2) In rejecting plaintiff's arguments that the ALJ selectively reviewed the medical record and failed to consider the combined impact of plaintiff's multiple severe impairments on her residual functional capacity; and
> >
> > 3) In finding that the ALJ's credibility findings were supported by substantial evidence.

(*Id.* at 4.)

Objection I does not make a single specific objection, instead it makes three general objections to the report as a whole.  Ausborn provides no argument or authority to support her contention that every factual finding, conclusion of law and recommendation in the R&R was made

in error.  Instead, Ausborn has left it to the Court to make her arguments for her.

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act . . . ." *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

It is unclear exactly what error Ausborn is referring to in Objection I.  But, to the extent that Ausborn is challenging all the factual determinations, conclusions of law and legal recommendations in the R&R, the Court is not convinced that her objections have any merit.  After engaging in a thorough review of the medical records, the ALJ's findings, the findings of the Appeals Council and all the other evidence in the docket, as well as the new medical records that Ausborn provided to the Appeals Council, Magistrate Judge Whalen issued a well-reasoned R&R.  It cites appropriate case law and statutory authority, which the Court has reviewed.  Magistrate Judge Whalen thoroughly examined all the medical evidence, testimony and medical records presented by Ausborn.  The Court has done the same.  After reviewing these documents, the Court agrees with Magistrate Judge Whalen's factual determinations, his conclusions of law and recommendations and adopts them, accordingly.

**B.**     **Ausborn's Request that the Court Remand this Matter for Consideration of New Evidence is DENIED Because She Failed to Establish that Good Cause Exists and the is Material.**

In Objection II, Ausborn contends that Magistrate Judge Whalen erred when he recommended that the Court DENY her request to remand for further consideration of Exhibit 14F, which is Ausborn's medical record for the period of January 1, 2011, to April 30, 2011. (*Id.* at 5–9.)

Ausborn never submitted that document to the ALJ, instead she forwarded it to the Appeals Council. The Appeals Council considered Ausborn's medical record for the period of January 1, 2011, to April 30, 2011, and concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." (Docket Entry No. 5-2, at 3.)

However, 42 U.S.C. § 405(g) provides in relevant part:

(g) Judicial review . . .

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based . . . .

42 U.S.C. § 405(g).

"It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Oliver v. Secretary of Health & Human Serv.*, 804 F.2d 964, 966 (6th Cir. 1986) (citing *Wills v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984).

### 1.   Ausborn Has Not Established Good Cause.

Ausborn contends that there is good cause because "[t]he ALJ's decision was not issued until

January 25, 2011. The file upon which the decision was based . . . contained . . . [Ausborn's] Huron Valley [medical] records for the period January 6, 2009[,] through September 21, 2010 . . . . Additional Huron Valley records were submitted to the Appeals Council as Exhibit 14F. These record relate to the time period January 1, 2011, to May 12, 2012 . . ., near to and/or after the date of the ALJ's decision. These records could not have been presented to the ALJ, because they either did not yet exist, or because they were prepared so close to the date of the ALJ's decision that these records, realistically, could not have been obtained in time. Thus, good cause has been established." (Docket Entry No. 21, at 6.)

Thus, Ausborn contends that good cause exists because it was impracticable for her to disclose the new medical records that describe her condition for the period between January 1, 2011, up to the date of the ALJ's decision (January 25, 2011), and impossible for her to disclose the medical records that describe her condition relating to the period after the ALJ rendered his decision. The Sixth Circuit has repeatedly rejected similar arguments. *See Cranfield v. Commission of Social Security*, 79 Fed. App'x 852, 859, 2003 WL 22506409, at *7 (6th Cir. Nov. 3, 2003) ("Ms. Cranfield contends that she could not have submitted the reports before the hearing because Dr. McGee and Dr. Broadstone did not complete their reports until after the ALJ made his decision. Furthermore, she claims that she did not alert the ALJ that the reports were forthcoming because she did not know when the reports would be completed and she did not want to delay the proceedings. Ms. Cranfield's arguments lack merit. She and the attorney who represented her had months to prepare for the hearing. If the doctors' reports were vital to Ms. Cranfield's case, Ms. Cranfield or her attorney could have sought the reports earlier or done something more than wait for them to arrive in the mail. Ms. Cranfield or her attorney could have contacted the doctors or visited their offices

if the reports were important to her case. Furthermore, Ms. Cranfield could have notified the ALJ that additional evidence was forthcoming and sought a continuance for that reason. This option was plainly available to her, but she chose not to take it. She proceeded to hearing without all her evidence and she must live with the consequences."); *Sizemore v. Commissioner of Social Security*, 178 F.3d 1296, 1999 WL 1296, at *4 (6th Cir. Feb. 19, 1999) ("Sizemore states that the good cause in this case was that the evidence did not exist earlier. Failure to obtain otherwise-available medical evidence before the hearing, however, does not constitute the 'good cause' required by the statute"); *see also Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir.1996) ("[T]he district court stated that counsel should have notified the ALJ of Client's need for a psychiatric examination as soon as he realized it at the hearing. Counsel had an entire month to notify the ALJ before the ALJ made his decision, but Cline's lawyer elected to wait and submit the new evidence to the Appeals Council for the first time. This is clearly not good cause. Even if we excuse counsel's failure to acquaint himself with his client before the hearing, Cline cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional psychiatric evidence."); *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964, 966 (6th Cir.1986) ("The additional medical reports were prepared after the Secretary's final decision and therefore could not have been presented at the hearing. While the dates on the reports alone seemingly satisfied the good cause test in *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir.1982), this circuit has taken a harder line on the good cause test.").  Ausborn had four months between the date of the hearing and the date when the ALJ rendered his opinion to provide, or to request leave to provide, additional evidence in support of her claim for benefits.  As the aforementioned cases show, good cause is not established simply because some of the medical records were created after the ALJ

7

rendered his decision.  Ausborn has failed to establish good cause.

**2.      Ausborn Has Not Established that the New Evidence is Material**.

In order for the claimant to establish materiality, "he [or she] must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

The medical records that the ALJ considered addressed Ausborn's condition up to the time of the hearing (for the period January 6, 2009[,] through September 21, 2010).  That period was relevant to his decision.  Ausborn's new evidence relates mostly to her medical condition after the ALJ entered his decision.  Evidence that a medical condition may have aggravated or deteriorated after the ALJ rendered his decision is not a sufficient reason for remanding Ausborn's claim. "Evidence which reflected the applicant's aggravated or deteriorated condition is not *relevant* because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition." *Sizemore*, 1988 WL 60747, *2.  If a claimant's condition has seriously degenerated after the ALJ rendered his or her decision, "the appropriate remedy is to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Id.*

Regardless, the Court holds that, even if the ALJ were to consider the new evidence, he would have reached the same conclusion.  After reviewing all the medical records in this action, there is nothing to suggest that Ausborn's psychiatric, diabetic and pulmonary impairments are so severe as to warrant remand.  Ausborn has not pointed to any health concerns in the new records that

suggest that the ALJ would have reached a contrary conclusion if he had read them.  Likewise, the Court agrees with Magistrate Whalen's assertion that the new medical records actually suggest that Ausborn psychological condition later improved.

### CONCLUSION AND ORDER

IT IS ORDERED that the Court ADOPTS the R&R [Docket Entry No. 20];

IT IS FURTHER ORDERED that the Court GRANTS the Commissioner's Motion for Summary Judgment [Docket Entry No. 19] and DENIES Ausborn's Motion for Summary Judgment [Docket Entry No. 14].

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager